IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 8 2019

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

| | |
|---|---|
| LIBERTARIAN PARTY OF ARKANSAS, ) | |
| SANDRA CHANEY RICHTER, ) | |
| MICHAEL PAKKO, ) | |
| RICKY HARRINGTON, JR, ) | |
| CHRISTOPHER OLSON, AND ) | |
| MICHAEL KALAGIAS, ......Plaintiffs ) | |
| ) | Case No. 4:19-cv-214-SWW |
| v. ) | |
| ) | |
| JOHN THURSTON, in his official capacity as ) | |
| Secretary of State for the State of Arkansas, ) | |
| .....Defendant.) | |

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

COMPLAINT

COME NOW the Plaintiffs, Libertarian Party of Arkansas, Sandra Chaney Richter, Michael Pakko, Ricky Harrington, Jr., Christopher Olson, and Michael Kalagias, and for their cause of action against the Defendant, John Thurston, in his official capacity as Secretary of State for the State of Arkansas, allege and state as follows, to-wit:

PARTIES

1. Plaintiff Libertarian Party of Arkansas (hereinafter referred to as "LPAR") is a formerly recognized political party under the laws of the State of Arkansas, Ark. Code Ann. §§ 7-3-101 and 7-7-205, has previously conducted successful petition drives for political party recognition in Arkansas, pursuant to Ark. Code Ann., § 7-7-205(a), has previously held its Nominating Conventions, pursuant to Ark. Code Ann. § 7-7-205(c)(2), and intends to conduct a petition drive for political party recognition in the State of Arkansas for the election cycle for 2019-2020.

2. Plaintiff SANDRA CHANEY RICHTER, is a resident of Greenbriar, Arkansas, a registered voter in the State of Arkansas, a member of the LPAR, and is considering running as a

Libertarian candidate for elective office in the State of Arkansas for the 2020 General election for the office of State Representative in District 67.

3. Plaintiff MICHAEL PAKKO is a resident of Roland, Arkansas, a registered voter in the State of Arkansas, and a member and the current Chair of the LPAR.

4. Plaintiff RICKY HARRINGTON, JR. is a resident of Pine Bluff, Arkansas, a registered voter in the State of Arkansas, a member of the LPAR, and is considering running as a Libertarian candidate for elective office in the State of Arkansas for the 2020 General election for the office of U.S. Senator.

5. Plaintiff CHRISTOPHER OLSON is a resident of Viola, Arkansas, a registered voter in the State of Arkansas, and a member and the current Vice-Chair of the LPAR.

6. Plaintiff MICHAEL KALAGIAS is a resident of Rogers, Arkansas, a registered voter in the State of Arkansas, a member of the LPAR, and is considering running as a Libertarian candidate for elective office in the State of Arkansas for the 2020 General election for the office of U.S. Representative for District 3.

7. All the above-named individual Plaintiffs are citizens of the State of Arkansas and the United States of America, and registered voters of the State of Arkansas. Plaintiffs, both the LPAR and the individual Plaintiffs, wish to support a petition drive to have the LPAR recognized as a political party in the State of Arkansas and the right to cast their votes effectively for Libertarian candidates in Arkansas in the 2020 Arkansas General election and future Arkansas elections.

8. Defendant JOHN THURSTON is the duly elected SECRETARY OF STATE FOR THE STATE OF ARKANSAS (hereinafter referred to as Defendant Secretary), and is statutorily responsible in his official capacity for certification of election results, maintaining State election

records, administering the election and voter registration laws of the State of Arkansas, pursuant to Ark. Code Ann., §§ 7-7-401, *et seq*. and 25-16-403. Specifically, the Defendant SECRETARY has supervisory authority over all election officials or officers of the county boards of election commissioners, is required to receive the returns from the county boards of election commissioners and canvas and certify the election results, certify the nomination as to political party candidates, has the exclusive authority to recognize the formation of new political parties, maintain the State's election records, assist county officials with conducting federal, state, and district elections, and has responsibility to promulgate, repeal or modify such rules or regulations as he deems necessary to facilitate and assist in achieving and maintaining uniformity in the application, operation, and interpretation of the State and Federal election laws and a maximum degree of correctness, impartiality, and efficiency in administration of the election laws, and to act as the chief state election official responsible for coordination of state responsibilities so as to insure compliance with Federal election laws. The aforesaid Defendant Secretary has offices in the Executive Office State Capitol, Suite 256, 500 Woodlane Avenue, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

9. This is an action for declaratory and injunctive relief to enjoin violation of Plaintiffs' First and Fourteenth Amendment rights to actively engage in the exercise of their free speech, right to political association, right to petition, right to form a political party, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the United States of America to qualify the LPAR as a recognized political party in Arkansas. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and 42 U.S.C. § 1983. Venue of this Court is invoked pursuant to Title

3

28, U.S.C. § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

ALLEGATIONS COMMON TO ALL COUNTS

10. This proceeding seeks a judgment declaring Ark. Code Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3), as applied to the Plaintiffs for the 2019-2020 Arkansas general election cycle and for all subsequent general election cycles in the State of Arkansas and the facts and circumstances relating thereto, unconstitutional in that it violates in its application to the Plaintiffs herein for the 2019-2020 Arkansas general election cycle, and all subsequent Arkansas general election cycles, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983. This proceeding also seeks an injunction, both temporary and permanent, against Defendant SECRETARY, prohibiting said Defendant from following and enforcing the provisions of Ark. Code. Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) as applied to the Plaintiffs herein for the 2019-2020 Arkansas general election cycle, and for all subsequent Arkansas general election cycles, to the extent that said statutes set an unconstitutional, unnecessary, and excessive petition signature requirement which has been raised from 10,000 petition signatures under the recently amended old law to three percent (3%) of the total vote cast for Governor in the State of Arkansas in the last general election (viz.: 26,746 valid petition signatures for the current Arkansas election cycle), pursuant to Ark. Code Ann., § 7-7-205(a)(2); as well as an unconstitutional early, unnecessary, and vague petition deadline for the formation of a new political party in Arkansas of September 4, 2019 for the 2019-2020 Arkansas general election cycle for a Presidential election year, and December 31, 2021, for the 2021-2022 Arkansas general election cycle for a gubernatorial election year,

4

pursuant to Ark. Code Ann., §§ 7-7-203(c)(1)(A), 7-7-203(c)(1)(B), and 7-7-205(a)(6); and during the 2019-2020 election cycle for the LPAR and Libertarian candidates, as a result of the Arkansas General Assembly in 2019, moving the Libertarian candidate nominee's political practices pledge deadline from March of the general election year to November 4 through 11, 2019 (approximately a year before the general election in 2020) so as to have an unconstitutional and unnecessarily early deadline for the political practices pledges of candidates for new political parties, pursuant to Ark. Code Ann., §§ 7-7-203(c)(1)(B) and 7-7-205(c)(3).

11. The laws in question which were stated in rhetorical paragraph 10 above, effective for the 2019-2020 Arkansas general election cycle, but in slightly different form in subsequent gubernatorial election year cycles as set forth in rhetorical paragraph 10 above, are as follows, to-wit:

Ark. Code Ann. § 7-7-101

The name of no person shall be printed on the ballot in any general or special election in this state as a candidate for election to any office unless the person shall have been certified as a nominee selected pursuant to this subchapter.

Ark. Code Ann., § 7-7-203(c)(1)

(c)(1) The party filing period shall be a one-week period beginning and ending on the following dates and times:

(A) For years in which the office of Governor will appear on the ballot at the general election, beginning at 12:00 noon one (1) week prior to the first day in March and ending at 12:00 noon on the first day in March; and

(B) For years in which the office of President of the United State [sic] will appear on the ballot at the general election, beginning at 12:00 noon on the first Monday in November preceding the general primary election and ending at 12:00 noon on the seventh day thereafter.

Ark. Code Ann., § 7-7-205(a)(2)

(2) The petition shall contain at the time of filing the signatures of registered voters in an amount that equals or exceeds three percent (3%) of the total votes cast for the Office of Governor in the immediately preceding general election for Governor.

5

Ark. Code Ann., § 7-7-205(a)(4)(B)

(4)(B) No signature that is dated more than ninety (90) days before the date the petition is submitted shall be counted.

Ark. Code Ann., § 7-7-205(a)(6)

(6) A new political party that wishes to select nominees for the next general election shall file a sufficient petition no later than sixty (60) days before the party filing period.

Ark. Code Ann., § 7-7-205(c)(3)

(c)(3) A candidate nominated by convention shall file a political practices pledge with the Secretary of State or county clerk, as the case may be, during the party filing period.

12. That previous to the aforesaid laws of the State of Arkansas as set forth in rhetorical paragraph 11 hereinabove and as will be in effect in future Arkansas election cycles beginning with the Arkansas General election cycle in 2019-2020, the election laws of the State of Arkansas as to ballot access for Libertarian candidates and new minor political parties, which have successfully petitioned for new political party ballot access in Arkansas, and which must nominate their candidates at a nominating convention for the first general election thereafter, were much less restrictive, less drastic and demanding in their requirements as to number of petition signatures required and the petition signature deadline and allowed a petitioning deadline closer to the preferential primary election, general primary election, and general election and with significantly less petition signatures required than the election laws in question herein. Further, the aforesaid complained of laws serve no compelling state interest and have unnecessarily impacted and interfered with the LPAR and potential Libertarian candidates and citizens wishing to exercise their fundamental rights to political expression and association and right to petition therefore.

13. The pertinent, relevant, and material changes in the aforesaid election laws of Arkansas, as complained of in the paragraph immediately hereinabove, involve the Arkansas

General Assembly in 2019, pursuant to Senate Bill 163, Act 164 of the Regular Session, and signed by Governor Hutchinson on February 18, 2019, increasing the number of valid petition signatures for the next Arkansas general election cycle for recognition of new political parties from 10,000 valid signatures to 26,746 (3% of the last total vote for Governor) pursuant to Ark. Code Ann., § 7-7-205(a)(2); moving forward by several months the petition signature deadline for new political parties in Arkansas to sixty days before the party filing period for the year in which the election is to be held (i.e., party filing period of November 4 through 11, 2019, approximately one year before the general election in 2020, pursuant to Senate Bill 445, Act 545 of the Regular Session, and signed by Governor Hutchinson on March 25, 2019, particularly as set forth in Ark. Code Ann. §§ 7-7-203(c)(1)(B) and 7-7-203(c)(1), with the result that the next petition signature deadline for new political parties in Arkansas will be September 4, 2019, pursuant to the aforesaid sixty day requirement of Ark. Code Ann. § 7-7-205(a)(4)(B). Additionally, the movement of the petitioning deadline to approximately fourteen months before the next general election in Arkansas results in the 90 day petitioning period required by Ark. Code Ann. § 7-7-205(a)(4)(B), to being in a period of time no earlier than fourteen to seventeen months before the next Arkansas general election at a time when most voters have a diminished interest in political events.

14. Ark. Code Ann., § 7-7-205(a)(6) was negatively impacted in 2019 by the aforesaid amendment to the party filing period of Ark. Code Ann. § 7-7-203(c)(1)(B) because it moved the petition filing deadline for new political parties from sixty days before March 1 of an election year to sixty days before the new party filing period (now in the first week of November) for the year before the general election is to be held as amended by the aforesaid Senate Bill 445, signed by Governor Hutchinson on March 25, 2019. The foregoing change in the ballot access law for

Libertarian candidates and the LPAR made petitioning even more difficult by setting a petitioning deadline farther away from the date of the Arkansas general election when political interest among the voting public is less. Further, the LPAR will be further disadvantaged in comparison to the Republican and Democratic parties because minor political parties are usually recognized not to gain in strength until the voting public has had an opportunity to size up who the major parties are putting up as their nominees. Of further concern, many campaign issues that will be important in the November 2020 general election have not yet crystalized in the public's mind so as to be a point of debate and contention among potential nominees of a political party.

15. During the ninety days before September 4, 2019, under the current election laws in question and at a time when there is relatively less interest in politics, there is uncertainty as to who the major party candidates will be, what issues they will campaign on, and the unsettled results of who will be nominated as the major party candidates, the LPAR and its then potential candidates and supporters will be required to conduct a petition drive for the recognition of the LPAR for the general election cycle for 2019-2010, pursuant to Ark. Code Ann. §§ 7-7-205(a). If the LPAR should choose to petition for political party status at an earlier ninety day time period than allowed by the September 4, 2019, deadline, then the aforesaid enumerated problems in the petitioning time period set forth hereinabove would be exacerbated.

16. Arkansas's significant and unnecessary increase in the number of petition signatures required, the unnecessarily early aforesaid petition signature deadline for new political parties, coupled with the limitation of ninety days to complete petitioning, is unconstitutional because political interests of the voting public is significantly less at a time so distant from the Arkansas preferential primary, general primary, and general elections. More importantly, the

unnecessarily high and recently increased petition signature requirement of 3% of the total vote cast in the last gubernatorial election in Arkansas, which has twice previously been declared unconstitutional--*Citizens to Establish a Reformed Party in Arkansas v. Priest*, 970 F.Supp. 690 (E.D. Ark. 1996); and *Green Party of Arkansas v. Daniels*, 445 F.Supp.2d 1056 (E.D. Ark., W.D. 2006), is constitutionally unnecessary and vague, lacks any compelling interest, and unequally and unfairly impacts in a discriminatory manner the rights of the LPAR, its members, potential candidates, and potential voters by discriminating between the number of petition signatures required for a new political party as opposed to the 10,000 petition signature limit for a statewide independent candidate, required by Ark. Code Ann. § 7-7-103(b)(1)(B). As this District Court has previously stated, ". . . if 10,000 signatures are sufficient to demonstrate a modicum of support for an independent candidate [now at Ark. Code Ann. § 7-7-103(b)(1)(B)], then 10,000 signatures are also sufficient to demonstrate a modicum of support for a new political party, especially where the legislature has also established that a sufficient demonstration of a modicum of support is established in both instances by a 3% signature requirement." *Green Party of Arkansas v. Daniels*, 445 F.Supp.2nd at 1062. Further, there has been no showing previously that Arkansas's general election ballot has been cluttered by new party and independent candidates.

17. In the general election cycle in Arkansas for 2019-2020, the LPAR petition deadline is sixty days before the political party filing period of Monday, November 4 through November 11, 2019, while the political party preferential primary election is on March 3, 2020, the general primary election is on March 31, 2020, and the general election is on November 3, 2020. If the complained of Arkansas election statutes are enforced so as to deny the LPAR, its candidates, and individual Arkansas registered voters who support those candidates full ballot access and

right to a constitutional new political party signature requirement and petition deadline, then the rights to political association, First Amendment free speech, the right to cast one's vote effectively, equal protection and due process of the laws of the United States of America, and free and equal elections will be abridged and denied.

18. Defendant SECRETARY has and will exercise his authority under color of state law in enforcing the aforesaid state laws in such a manner as to be in an unlawful, discriminatory, capricious, vague, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in that:

A. By reason of said required action as set forth in rhetorical paragraphs 10, 17, and 18 above by said Defendant Secretary, through his agents, employees, and servants, the Plaintiffs herein will be denied their rights to actively and effectively engage in the exercise of their free speech, right to political association, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Arkansas and the United States of America;

B. Said required action as set forth in rhetorical paragraphs 10, 17, and 18 above works to further no constitutional compelling state interest or political purpose for said state election laws—other than to give advantage to the major established political parties. Plaintiffs' fundamental constitutional freedoms are or will be denied and abridged, the laws in question work in an unequal, vague, and discriminatory manner in that they favor the established and entrenched political parties (viz.: Republican Party and Democratic Party), and the aforesaid statues in question are not framed in the least restrictive manner necessary to achieve the legitimate state interests in regulating ballot access, particularly as relating to the unnecessarily early and vague petition filing deadline and number of petition signatures required.

19. Plaintiffs herein will suffer immediate and irreparable harm in the event that the complained of actions set forth in rhetorical paragraphs 10, 17, and 18 hereinabove are allowed to occur. The effect of the aforesaid complained of actions would be to effectively deny Plaintiffs those rights enumerated hereinabove in rhetorical paragraph 18(A). Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the constitutional rights, privileges, and immunities enjoyed by a citizen of the United States and the State of Arkansas, and, unless a preliminary injunction and a permanent injunction are granted, Plaintiffs will suffer great and irreparable harm.

## COUNT I

### (Declaratory Relief – Right to Freedom of Political Association/ Right to Cast a Vote Effectively/Right to Petition)

20. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, and Allegations Common to All Counts hereinabove, and allege and state in addition thereto as follows, to-wit:

21. Plaintiffs have a fundamental right to political association protected by the First Amendment to the U.S. Constitution, which includes both the right of individuals to associate for the advancement of political beliefs and the right of individuals to vote for the candidates or parties of their choice.

22. Arkansas's statutory scheme, as described herein, is intended to and does restrict Plaintiffs' access to the election ballot.

23. Arkansas's ballot restrictions unduly burden Plaintiffs' fundamental right to political association for the advancement of political beliefs.

24. Arkansas's ballot restrictions unduly burden Plaintiffs' right to cast their vote effectively and to petition and to petition for redress of grievances and to form a new political party.

25. Arkansas's restrictions are so significant of an encroachment upon Plaintiffs' associational freedom that Plaintiffs are entitled to a judgment declaring Arkansas's statutory scheme, as described herein, to be in violation of Plaintiffs' U.S. Constitutional right of freedom of political association, right to cast their vote effectively, and right to petition.

## COUNT II

### (Declaratory Relief – Equal Protection)

26. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, Allegations Common to All Counts, and Count I hereinabove, and allege and state in addition thereto as follows, to-wit:

27. Plaintiffs have a right to equal protection of the laws under the Fourteenth Amendment.

28. Arkansas's statutory scheme unnecessarily early petition deadline, coupled with the recently increased high petition signature requirement which had previously been declared unconstitutional in two previous cases in this Court, unequally and unfairly impacts in a discriminatory manner the right of small, minor, unrecognized political parties in Arkansas who seek petition signatures for party formation in Arkansas.

29. Arkansas's discriminatory statutory scheme for ballot access for new political parties violates Plaintiffs' right to equal protection of the laws, is arbitrary and capricious, serves no compelling State interest, and is unconstitutional on both its face and as applied.

30. Plaintiffs are entitled to a judgment declaring Arkansas's aforesaid statutory scheme to be in violation of Plaintiffs' U.S. Constitutional right of equal protection of the laws.

## COUNT III

### (Injunctive Relief)

31. Plaintiffs reallege and restate each and every material allegation as contained in the Parties, Jurisdiction and Venue, Allegations Common to All Counts, and Counts I and II hereinabove, and allege and state in addition thereto as follows, to-wit:

32. Plaintiffs have suffered and will continue to suffer irreparable injury by the policy, practice, custom, and usage of defendant's complained of actions in this complaint until the defendant is enjoined by this Court.

33. Plaintiffs have no other adequate remedy at law to redress the grievances set forth in this pleading other than this suit for injunctive relief.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs demand judgment:

1. Declaring Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) unconstitutional, both facially and as applied to the Plaintiffs herein for the 2019-2020 Arkansas general election cycle and all subsequent General election cycles in Arkansas and the facts and circumstances relating thereto as set forth hereinabove in that they are in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983;

2. Further, declaring that the said required actions as set forth hereinabove pursuant to Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and

7-7-205(c)(3) are illegal and unconstitutional when considered in combination, particularly as applied to the facts of the case at bar in that they establish an unnecessarily high petition signature requirement and unnecessarily early and vague petition signature deadline for the LPAR and its candidates for elective office in the State of Arkansas, which results in a limited petitioning time period further removed from the preferential primary, general primary, and general election and a higher petition signature requirement than was required under prior election laws in Arkansas, and during a period of time when political interest among the voting public is lower and before the major parties must select their candidates, so that it is in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

3. Permanently enjoining Defendant Secretary from enforcing Ark. Code Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) as applied to the Plaintiffs herein for the 2019-2020 Arkansas general election cycle, and for all subsequent Arkansas general election cycles, to the extent that said statute set an unconstitutional early, unnecessary, and vague petition deadline for the formation of a new political party, and an unconstitutionally high and unequal petition signature requirement for a new political party;

4. Entering a preliminary and permanent injunction allowing the Plaintiffs, particularly the LPAR, to submit 10,000 petition signatures at a later petition deadline date closer to the preferential primary election in Arkansas for the general election cycle of 2019-2020, restraining, prohibiting, and enjoining the Defendant Secretary to the instant action, his agents, employees, and servants, and all persons in active concert and participation with them, from enforcing, applying, or implementing the aforesaid complained of state election law as applied to the instant Plaintiffs and all similarly situated individuals;

from enforcing, applying, or implementing the aforesaid complained of state election law as applied to the instant Plaintiffs and all similarly situated individuals;

5. Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

6. Granting Plaintiffs such further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 28th day of March, 2019.

         LIBERTARIAN PARTY OF ARKANSAS,
         SANDRA CHANEY RICHTER,
         MICHAEL PAKKO, RICKY HARRINGTON, JR.,
         CHRISTOPHER OLSON, and
         MICHAEL KALAGIAS, Plaintiffs

         James C. Linger, OBA#5441
         1710 South Boston Avenue
         Tulsa, Oklahoma 74119-4810
         (918) 585-2797 Telephone
         (918) 583-8283 Facsimile
         bostonbarristers@tulsacoxmail.com

         W. Whitfield Hyman, ABN # 2013-237
         King Law Group, PLLC
         300 North 6th Street
         Fort Smith, Arkansas 72901
         (901) 413-2625 Telephone
         (479) 316-2252 Facsimile
         william.hyman@gmail.com
         *Counsel for Plaintiffs*