IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF ARKANSAS, | ) | |
| SANDRA CHANEY RICHTER, | ) | |
| MICHAEL PAKKO, | ) | |
| RICKY HARRINGTON, JR, | ) | |
| CHRISTOPHER OLSON, and | ) | |
| MICHAEL KALAGIAS,        ……Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-214-KGB |
| | ) | |
| JOHN THURSTON, in his official capacity as | ) | |
| Secretary of State for the State of Arkansas, | ) | |
|                              …..Defendant. | ) | |

---

# ATTACHMENT

# PLAINTIFFS' EXHIBIT "1"

# AFFIDAVIT OF MICHAEL PAKKO

---

<u>AFFIDAVIT OF MICHAEL PAKKO</u>

STATE OF ARKANSAS            )
                             )
COUNTY OF PULASKI            ) ss.

I, Michael Pakko, of legal age and being first duly sworn upon oath, state as follows:

1. I am a Plaintiff in the above-entitled action, the current Chair of the Libertarian Party of Arkansas, and make this Affidavit in support of Plaintiffs' Motion for Preliminary Injunction filed in the instant case.

2. This is an action on behalf of the Libertarian Party of Arkansas and other individuals seeking declaratory and injunctive relief against certain election laws of the State of Arkansas set forth and complained of in the Complaint filed herein on March 28, 2019, which, because of the current legal requirements for petitioning for ballot status in Arkansas for new political parties, will work to deny us and other interested Arkansas voters equal protection of the laws, the right to political association, the right to petition for the formation of a new political party in Arkansas with a reasonable and necessary petition signature requirement and petition signature deadline, and the right of having the opportunity to cast our votes effectively for nominees of the Libertarian Party of Arkansas for the 2020 and future General Elections in Arkansas.

3. The Plaintiffs will suffer irreparable injury if the preliminary injunction is not issued before our current petition drive for party status is completed, for the reason and upon the grounds that the Libertarian Party of Arkansas will be required to obtain an unnecessarily high number of valid petition signatures, i.e., 26,746 for the current election cycle, Ark. Code Ann., § 7-7-205(a)(2), within a ninety day period, Ark. Code Ann., § 7-7-205(a)(4)(B), coupled with an unnecessarily early petition signature deadline, Ark. Code Ann., §§ 7-7-203(c)(1)(A) and (B); and 7-7-205(a)(6)—which for the current election cycle will be September 4, 2019, contrary to

what is necessary to achieve compelling state interests and in opposition to previous orders of this Court holding past petition signature requirements and petition signature deadlines unconstitutional as unnecessary to serve compelling state interests of the State of Arkansas.

4. The Libertarian Party of Arkansas is a formerly recognized political party under the laws of Arkansas, pursuant to Ark. Code Ann. §§ 7-3-101 and 7-7-205, and has previously conducted successful petition drives for political party recognition in Arkansas, pursuant to Ark. Code Ann., § 7-7-205(a), in 2012, 2014, 2016, and 2018, when the number of valid petition signatures requirement was 10,000 valid petition signatures. The Libertarian Party of Arkansas, its supporters, and the individual Plaintiffs herein, are currently conducting a petition drive for political party recognition in Arkansas in 2019, for the general election to be held in Arkansas on November 3, 2020.

5. Plaintiffs are asking in this case to be allowed to submit 10,000 valid petition signatures for the purpose of achieving political party recognition in Arkansas for 2019-2020—as was required previously under the recently amended law—rather than the now exclusive figure of 3% of the last vote for governor of Arkansas (which is 26,746 valid petition signatures for the current election cycle of 2019-2020). The 3% requirement has been previously declared unconstitutional twice in published decisions by this Court in the cases of *Citizens to Establish a Reform Party in Arkansas v. Priest*, 970 F. Supp. 690 (E.D. Ark. 1996) and *Green Party of Arkansas v. Daniels*, 445 F. Supp. 2d 1056 (E.D. Ark., W. D. 2006).

6. The Libertarian Party of Arkansas is the only minor political party to obtain recognition for ballot status in Arkansas by petitioning for the election cycles for 2016 and 2018. Further, prior to the 3% requirement being held unconstitutional on two occasions by this Court, no new political parties successfully petitioned and were recognized in Arkansas from 1977

2

(when a petitioning requirement was first put in place) through 2007 (when the 10,000 petition signature requirement was put into the law). In other words, no new political party had ever successfully petitioned in Arkansas for political party status prior to the establishment of a 10,000 petition signature requirement. The Reform Party unsuccessfully petitioned for political party recognition in Arkansas in 1996 because it failed to get the needed petition signatures by the then petition signature deadline of January 2, 1996, but was ordered to be recognized as a political party and placed on the Arkansas ballot by this Court when the law was declared unconstitutional in the case of *Citizens to Establish a Reform Party in Arkansas v. Priest, Id.* While the American Party was recognized as a political party in Arkansas in 1968 and 1970, that was because at that time Arkansas did not require any petition signatures to be submitted for political party recognition.

7.  Since the requirement for new political party formation in Arkansas became 10,000 valid petition signatures or 3% of the last gubernatorial vote in 2007, only two minor political parties have ever at any time been on the Arkansas ballot by achieving new party recognition in Arkansas using the 10,000 valid petition signatures requirement (the Green Party in 2008, 2010, 2012, and 2014; and the Libertarian Party in 2012, 2014, 2016, and 2018), and only the Libertarian Party of Arkansas since 2014. There has been no showing that the general election ballot in Arkansas has been cluttered in recent elections by new party and independent candidates. The Arkansas elections in 2012 and 2014, were the only election years in which two minor political parties (Libertarian Party and Green Party) achieved political party recognition by petitioning and were placed on the Arkansas ballot.

8.  Because the Libertarian Party of Arkansas would be a new political party in Arkansas if it were successful in its petition drive this year, it would not nominate its candidates for the

general election at a preferential primary election as do the Republican and Democratic Parties, but would nominate its candidates by convention. Ark. Code Ann., § 7-7-205(c) (2). The party filing period (i.e., for the Republican and Democratic parties) was set for the 2019-2020 election cycle for a one-week period beginning at noon on the first Monday in November preceding the general primary election (viz.: November 4, 2019) and ending at noon on the 7th day thereafter (viz.: November 11, 2019). Therefore, the current petition signature deadline for political party recognition in Arkansas of September 4, 2019—which is 60 days before the party filing period pursuant to Ark. Code Ann. § 7-7-205(a)(6), is around fourteen months before the date of the general election in Arkansas on November 3, 2020, and approximately six months before the Republicans and Democrats would hold their preferential primary elections to select their candidates on March 3, 2020, and their general primary election on March 31, 2020, for the same November 3, 2020 general election.

9. As set forth in Plaintiffs' Complaint [ECF No. 1], three of the individual Plaintiffs Sandra Chaney Richter, Ricky Harrington, Jr., and Michael Kalagias are not only Arkansas registered voters, but plan to be Libertarian candidates for elective office in Arkansas in 2020.

10. The movement of the petition signature deadline for new party petitions in Arkansas requires the ninety day petitioning time to be conducted at least 14 to 17 months before the Arkansas general election on November 3, 2020, at a time far removed from Arkansas elections and at a time when voter interest is less, election issues are not yet as well defined as they will be later, and before many voters have become dissolutioned with the choices available to them for candidates from the Republican and Democratic parties. Because an invalidity rate of around 30% of signatures gathered is expected, it will be necessary to submit at least 14,286 petition signatures in order to have 10,000 valid petition signatures.

11. I have personal knowledge of the facts alleged in the aforesaid Motion filed herein and the Complaint filed in this action, and I understand that any false statements made herein will subject me to the penalties of perjury.

Further Affiant sayeth not.

MICHAEL PAKKO

SUBSCRIBED and sworn to before me this _2nd_ day of May, 2019.

Notary Public

Commission (and Expiration):

(SEAL)

JANICE RENEE PERKINS
Notary Public-Arkansas
Lonoke County
My Commission Expires 02-04-2025
Commission # 12403459

5