IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF ARKANSAS, ) | | |
| SANDRA CHANEY RICHTER, ) | | |
| MICHAEL PAKKO, ) | | |
| RICKY HARRINGTON, JR, ) | | |
| CHRISTOPHER OLSON, and ) | | |
| MICHAEL KALAGIAS, ……Plaintiffs ) | | |
| ) | | |
| v. ) | Case No. 4:19-cv-214-KGB | |
| ) | | |
| JOHN THURSTON, in his official capacity as ) | | |
| Secretary of State for the State of Arkansas, ) | | |
| …..Defendant.) | | |

JOINT STIPULATION AS TO THE CONTINUING EFFECT OF THE DISTRICT
COURT'S PRELIMINARY INJUNCTION ORDER OF JULY 3, 2019,
AND JOINT STIPULATIONS OF FACT

Pursuant to the District Court minute of January 27, 2021, the parties to the instant action, by and through their counsel of record, hereby stipulate as to the interpretation to be given to the District Court's preliminary injunction order of July 3, 2019 [Dkt. No. 31], *Libertarian Party of Arkansas v. Thurston*, 394 F.Supp.3d 882 (E.D. Ark. 2019), *aff'd.*, *Libertarian Party of Arkansas v. Thurston*, 962 F.3d 390 (8th Cir. 2020): and further stipulate that the following facts are true and correct for the purpose of the District Court's consideration of Motions for Summary Judgment by the Plaintiffs and Defendant.

1. The parties are in agreement that the text of the preliminary injunction entered by this Court on July 3, 2019 [Dkt. No. 31], does not limit its application to the 2020 election cycle. Defendant continues to disagree that the preliminary injunction order is correct. Specifically,

> [Defendant John] Thurston, in his official capacity as Arkansas Secretary of State, together with his agents, servants, and employees, and all persons in active concert

or participation with him, are preliminarily enjoined from enforcing Arkansas Code Annotated §§7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) to the extent that these statutes impose the three percent requirement as to the LPAR. Specifically, the same parties are enjoined from failing to recognize the LPAR as a new political party and are enjoined from restricting ballot access to the LPAR as a new political party if the LPAR petitions for the certification of a new political party containing, at the time of filing, the signatures of at least 10,000 registered voters in Arkansas and otherwise complies with the remaining requirements of Arkansas law, save and except for the enjoined three percent requirement. *Libertarian Party of Arkansas v. Thurston*, 394 F.Supp.3d, at 922.

2. Venue of this Court is properly invoked.

3. The Libertarian Party of Arkansas is a formerly recognized political party under the laws of Arkansas pursuant to Ark. Code Ann., §§ 7-3-101 and 7-7-205.

4. Sandra Chaney Richter, Michael Pakko, Ricky Harrington, Jr., Christopher Olsen, and Michael Kalagias are residents of the State of Arkansas, registered voters in the State of Arkansas, and citizens of the State of Arkansas and the United States of America.

5. Defendant John Thurston is the Secretary of State for the State of Arkansas and is charged by statute with the certification of candidates and political parties. Defendant John Thurston was at all times herein relevant acting, both personally and through the conduct of agents and/or employees of the State of Arkansas, under the color of state law and the authority of his office as a state official. Defendant John Thurston is sued in his official capacity only.

6. Pursuant to Ark. Code Ann., § 7-7-205(c)(4), in order to remain a political party in the State of Arkansas after the 2020 Arkansas general election, the Libertarian

Party of Arkansas needed to receive 3% of the total votes cast for nominees for presidential electors in Arkansas.

7.  In the 2020 general election in Arkansas, the Libertarian candidate for U.S. Senator, Ricky Harrington, Jr., received 399,390 votes for 33.5% of the total votes cast for U.S. Senator in Arkansas.

8.  In the 2020 general election in Arkansas, the Libertarian candidates for President and Vice President of the United States received 13,133 votes for 1.1% of the total votes cast for the 13 pairs of candidates for President and Vice President in Arkansas.

9.  The Libertarian Party of Arkansas failed to receive 3% of the total votes cast for nominees for presidential electors in Arkansas in the 2020 general election, and, therefore, ceased to be recognized as a political party in Arkansas.

10.  The Libertarian Party of Arkansas has previously conducted successful petition drives for political party recognition in Arkansas, pursuant to Ark. Code Ann., § 7-7-205(a), for the elections which were held in 2012, 2014, 2016, and 2018, when the number of required valid petition signatures of registered Arkansas voters was 10,000 valid petition signatures.

11.  The Libertarian Party of Arkansas, its supporters, and the individual plaintiffs named in this lawsuit, are currently preparing to conduct a petition drive for political party recognition in Arkansas in 2021, for the general election to be held in Arkansas on November 8, 2022.

12. Ark. Code Ann., § 7-7-205(a) sets forth the procedure by which an unrecognized party can obtain official recognition by the Arkansas Secretary of State.

13. Official recognition not only gives a political party's candidates access to the ballot but is also the only way for a political party to be listed on the ballot alongside its candidate.

14. Pursuant to Ark. Code Ann., §§ 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-203(c)(1)(A), and 7-7-205(a)(6), a new political party in order to be recognized in the State of Arkansas for the election cycle of 2021-2022 must turn in 26,746 valid petition signatures of registered Arkansas voters collected over no more than a ninety-day period and filed with the Arkansas Secretary of State no later than December 24, 2021.

15. Pursuant to Ark. Code Ann. § 7-7-103(b)(1)(B), if a person wishes to be an independent candidate for State office or for United States Senator in which a statewide race is required, the person shall file petitions signed by not less than 3% of the qualified electors of the State or which contain 10,000 signatures of qualified electors, whichever is the lesser.

16. Three percent of the total vote cast for Governor of Arkansas in the November 2018 general election is 26,746 votes.

17. Pursuant to Ark. Code Ann., § 7-7-203(c)(1)(A), Libertarian candidates will have to submit their Political Practices Pledges, Candidate Information Form, and Party Certificate of Candidacy during the party filing period for the 2021-2022 election cycle of 12:00 Noon, February 22, 2022, to 12 Noon on March 1, 2022.

18. Pursuant to Ark. Code Ann., § 7-7-203(b)(1), the next preferential primary election and non-partisan general election in Arkansas will be held on May 24, 2022.

19. Pursuant to Ark. Code Ann., § 7-7-203(a)(1), the next general primary election in Arkansas will be held on June 21, 2022.

20. Arkansas only holds general elections in even numbered years, Ark. Code Ann., § 7-5-102, and the next general election and non-partisan runoff election in Arkansas will be held on November 8, 2022.

21. For elections to be conducted in Arkansas for 2022, the ballots for the general election on November 8, 2022, whether for early voting, overseas and military ballots, or for the date of the general election on November 8, 2022, have not yet been printed.

22. An independent candidate for statewide office in Arkansas may achieve ballot status by filing a petition signed by at least 10,000 valid Arkansas voters.

23. Before 2019, and since 2007, when the requirement for new political party formation in Arkansas became 10,000 valid petition signatures or 3% of the last gubernatorial vote, only two minor political parties have ever successfully petitioned for new party recognition in Arkansas (viz.: the Green Party in 2008, 2010, 2012, and 2014; and the Libertarian Party in 2012, 2014, 2016, and 2018).

24. The Libertarian Party of Arkansas is the only minor political party to obtain political party recognition and ballot status in Arkansas by petitioning for the general elections which were held in Arkansas in November of 2016 and November of 2018.

25. Pursuant to Ark. Code Ann., § 7-7-205(c)(2), any new political party which achieves recognition in Arkansas by successfully petitioning does not nominate its

candidates for the general election at a preferential primary election, but rather nominates its candidates at a party convention.

26.  The party filing period for the 2021-2022 election cycle is a one-week period beginning at noon on February 22, 2022 and ending at noon on March 1, 2022.

27.  Pursuant to Ark. Code Ann., § 7-7-205(a)(6), the current petition signature deadline for political party recognition in Arkansas is December 24, 2021, which is 60 days before the party filing period.

28.  For the elections that were conducted in Arkansas in 2020, all political party candidates were required to file a Political Practices Pledge, Party Certificate of Candidacy, and Candidate Information Form during the party filing period: 12:00 Noon, November 4, 2019, to 12:00 Noon on November 11, 2019.

29.  The transcript of the preliminary injunction hearing held on June 4, 2019, and all exhibits and affidavits received therein may be considered by the District Court in deciding and reaching a final decision of any motions for summary judgment filed by the Plaintiffs or Defendants.

Respectfully submitted this 4th day of February, 2021.

> James C. Linger, OBA No. 5441
> 1710 South Boston Avenue
> Tulsa, OK 74119-4810
> (918) 585-2797 Telephone
> (918) 583-8283 Facsimile
> bostonbarristers@tulsacoxmail.com

W. Whitfield Hyman, AB No. 2013-237
King Law Group
300 North 6th Street
Fort Smith, Arkansas 72901
Telephone (479) 782-1125
Facsimile (479) 316-2252
william.hyman@gmail.com
*Counsel for Plaintiffs*

LESLIE RUTLEDGE
Arkansas Attorney General
Nicholas J. Bronni (2016097)
Solicitor General
Vincent M. Wagner (2019071)
Deputy Solicitor General
Dylan L. Jacobs (2016167)
Assistant Solicitor General
Office of the Arkansas
   Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
(501) 682-2591 (fax)
nicholas.bronni@arkansasag.gov
vincent.wagner@arkansasag.gov
dylan.jacobs@arkansasag.gov
*Counsel for Defendant*

7