IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LIBERTARIAN PARTY OF ARKANSAS,
SANDRA CHANEY RICHTER,
MICHAEL PAKKO,
RICKY HARRINGTON, JR.,
CHRISTOPHER OLSON, and
MICHAEL KALAGIAS,                                                        PLAINTIFFS

Case No. 4:19-cv-00214-KGB

JOHN THURSTON, in his official
capacity as Secretary of State for
the State of Arkansas,                                                   DEFENDANT

### PLAINTIFFS' MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION TO SET AMOUNT OF REASONABLE ATTORNEY'S FEES WITH AFFIDAVITS IN SUPPORT THEREOF

Judgment was entered in the above-referenced case on September 30, 2022 [Dkt. No. 83]. Plaintiffs have filed a Motion for the award of their reasonable attorney's fees and non-taxable costs and expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and L.R. 54.1. In support of Plaintiffs' aforesaid Motion, Plaintiffs now file this Brief with attached Affidavits in support of their fee request.

Plaintiffs' attorney's fees motion requests fee awards in the following amounts:

| | | |
|---|---|---|
| 1. | James C. Linger attorney's fee | $62,395.00 |
| 2. | Non-taxable costs and expenses expended by Attorney Linger | $    132.69 |
| 3. | W. Whitfield Hyman attorney's fee | $  5,025.00 |
| 4. | Non-taxable costs and expenses expended by Attorney Hyman | $      74.75 |
| | Total | $67,627.44 |

The above figures represent 191.9 hours at $300.00 per hour and 19.3 hours at $250.00 for James C. Linger, and 20.1 hours at $250.00 per hour for W. Whitfield Hyman. James C. Linger is requesting his non-taxable expenses and costs in the amount of an additional $132.69 as set forth in his Affidavit attached hereto. W. Whitfield Hyman is requesting his non-taxable expenses and costs in the amount of an additional $74.75 as set forth in his Affidavit attached hereto. In considering Plaintiffs' aforesaid Motion, Plaintiffs would request the Court to consider those twelve factors approved by the United States Court of Appeals for the Fifth Circuit as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); and approved by *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 76 L.Ed.2d 40, 103 S. Ct. 1933 (1983); Also see, *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981) and *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000), to-wit:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly

(4) The preclusion of other employment by the attorney due to the acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved, and the results obtained.

(9) The experience, reputation, and ability of the attorney.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

As the decisions of the above courts make clear, the Federal Courts in the various states in the Eighth Circuit have specific guidelines to follow in setting reasonable attorney's fees in civil rights cases. *Hensley v. Eckerhart, Id.*; see also, *Farrar v. Hobby*, 506 U.S. 103, 112, 121 L.Ed.2d 494, 113 S. Ct. 566 (1992). Further, the Eighth Circuit Court of Appeals has stated that plaintiffs that are considered prevailing parties in litigation should be awarded reasonable attorney fees and the 1976 Civil Rights Attorney's Fees Awards Act is designed to encourage private enforcement of the public interest and should be liberally construed to achieve the public purposes involved in the congressional enactment. *Keup v. Hopkins*, 596 F.3d 899, 905-906 (8th Cir. 2010); *Warnock v. Archer*, 380 F.3d 1076, 1083-1084 (8th Cir. 2004); *Cody v. Hillard*, 304 F.3d 767, 772-773 (8th Cir. 2002); and *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997).

In determining whether a civil rights plaintiff is a prevailing party within the meaning of § 1988, the Supreme Court has stated: "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *State Teachers Asn'n. v. Garland Indep. Sch. Dist*, 489 U.S. 782, 791-792, 103 L.Ed.2d 866, 109 S. Ct. 1486 (1989), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Also see, *Hensley v. Eckerhart*, 461 U.S. at 433.

In fact, the Eighth Circuit has frequently upheld fee awards where plaintiffs have prevailed only on part of their claims. In *Jacobson v. City of Coates*, 171 F.3d 1163 (8th Cir. 1999), the Eighth Circuit reversed a trial judge's denial of attorney fees requested pursuant to 42 U.S. Code, § 1988, wherein the District Court characterized appellant's victory as "technical" and insignificant," thereby precluding prevailing party status. The Eighth Circuit reasoned in *Jacobson* that the determination that one of two challenged ordinances relating to adult entertainment businesses was unconstitutional, and, thus, changed the legal relationship between the parties and, therefore, the District Court erred by failing to award attorney fees. However, the Eighth Circuit, in reversing the District Court's denial of attorney's fees, did note that the District Court retained the discretion to determine the appropriate fees pursuant to *Denesha v. Farmer's Ins. Exch.*, 161 F.3d 491, 501 (8th Cir. 1998). As the U.S. Supreme Court has held in deciding whether or not attorney fees should be awarded and whether a party is considered a "prevailing party" under 42 U.S. Code, § 1988, there should be some form of judicial relief such as a declaratory judgment or injunctive relief or monetary damages. *Hewitt v. Helms*, 482 U.S. 755, 759-760, 96 L.Ed.2d 654, 107 S. Ct. 2672 (1987).

In regard to the instant case, Plaintiffs should be considered the prevailing parties because the District Court declared on September 30, 2022, that the Arkansas statutory scheme for ballot access for new political parties found in Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) are unconstitutional, both facially and as applied to Plaintiffs for the 2019-2022 and all subsequent Arkansas General Election cycles. Because the District Court granted a

declaratory and injunctive judgment and declared these laws unconstitutional, Plaintiffs should be considered prevailing parties herein. The Court's ruling of the unconstitutionality of the Arkansas election laws as to new political parties will be enforceable and change the relationship between the Libertarian Party of Arkansas and potential new political parties and the State of Arkansas so as to provide guidance to the Arkansas General Assembly in correcting the laws in question so that they will apply equally and fairly to both new and established political parties.

Since Plaintiffs should be considered prevailing parties under the applicable law, Plaintiffs would further call the Court's attention to the following facts which are of significance: (1) that the instant case involved the Plaintiffs' fundamental rights of political association and speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983; (2) that the case at bar affected individuals other than the Plaintiffs such that the Court's decision resulted in benefits not only to the individual Libertarian voters and the Libertarian Party of Arkansas, but also to the voters of Arkansas and future new political parties in Arkansas; (3) that the case at bar affected the State of Arkansas, its citizens, and other potential minor parties and their supporters by granting a judgment which frames the problem presented for potential new political parties for elections in Arkansas—so as to give guidance to the Arkansas General Assembly as to an existing problem which should be addressed by future Legislative amendment of Arkansas' election law; (4) that the Libertarian Party is viewed in a controversial light by some individuals and organizations; (5) that Plaintiffs' counsel, James C. Linger, has previously been counsel in other cases involving ballot access and

related election laws in several other states as well as recently in Arkansas and therefore had an advantage as opposed to a counsel who had no prior experience in the constitutional area in question; (6) Plaintiffs' counsel, with the exception of a $5,000.00 attorney fees and cost retainer, had in effect a contingency fee arrangement with his client based on 42 U.S.C. §1988; (7) the hourly rate charged by Mr. Linger is compatible with the hourly rate customarily charged by Counsel in the Little Rock area; (8) Plaintiffs were able to enter into a number of stipulations with the Defendant which reduced time spent on the case and simplified presentation of the issues to the Trial Court, (9) Plaintiffs' counsel James C. Linger did most of the work on the instant case and was assisted by Fort Smith counsel (W. Whitfield Hyman) so as to have the bulk of the work done by a single attorney as compared to the multiple attorneys who appeared for the Defendant, and Dr. Pakko tried to work with and warn the Arkansas General Assembly about the unconstitutionality of the proposed legislation before it was passed.

WHEREFORE, Plaintiffs respectfully request the relief prayed for in their Motion to Set Amount of Reasonable Attorney's Fees.

Respectfully submitted this 12th day of October, 2022.

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

                        W. Whitfield Hyman, AB No. 2013-237
                        King Law Group
                        300 North 6th Street
                        Fort Smith, Arkansas 72901
                        Telephone (479) 782-1125
                        Facsimile (479) 316-2252
                        william.hyman@gmail.com

*Counsel for Plaintiff*