IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LIBERTARIAN PARTY OF ARKANSAS,
SANDRA CHANEY RICHTER,
MICHAEL PAKKO,
RICKY HARRINGTON, JR.,
CHRISTOPHER OLSON, and
MICHAEL KALAGIAS,                                          PLAINTIFFS

Case No. 4:19-cv-00214-KGB

JOHN THURSTON, in his official
capacity as Secretary of State for
the State of Arkansas,                                     DEFENDANT

---

# ATTACHMENT

# PLAINTIFFS' EXHIBIT "1"

# AFFIDAVIT AND TIME SHEET OF W. WHITFIELD HYMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LIBTERTARIAN PARTY**                                                         **PLAINTIFFS**
**PARTY OF ARKANSAS,** *et. al.*
     vs.                 **CASE NO. 4:19-cv-00214-KGB**
**JOHN THURSTON**                                                     **DEFENDANT**
 in his official capacity
as Secretary of State
for the State of Arkansas

## AFFIDAVIT OF W. WHITFIELD HYMAN

W. Whitfield Hyman, of legal age, being first duly sworn upon oath, and under penalty of perjury, states:

1. I am a resident of Fort Smith, Arkansas, and make this Affidavit with the knowledge that it is to be used for the purpose of evaluating a motion to obtain attorney fees for work performed at the District Court level on behalf of myself, counsel for the Plaintiffs in the above-referenced case.

2. I practice law and have an office in Fort Smith, Arkansas and am a member of the Bar of the State of Arkansas, and the United States District Courts for the Eastern and Western Districts of Arkansas, and the United States Court of Appeals for the 8th Circuit. I have been a practicing lawyer since September of 2013, and have since that time been in the continuous practice

of law, with extensive trial and appellate experience in state courts, and two federal jury trials. The bulk of my experience has been in the areas of criminal defense and constitutional and civil rights law. I have represented and advised various individuals who have had their rights violated under Title 42, U.S. Code, 1983 cases thereon, First and Fourth Amendment civil rights cases.

3. As third party candidates without substantial commercial backing, I agreed to represent them on the aforementioned basis with a contract that would give me my share of recovered attorney fees and costs pursuant to 42 U.S.C 1988, but would not charge him further for any attorney fees, costs, or expenses if we were unsuccessful in the case. In most cases, civil rights litigation under 42 U.S.C 1983 is analogous to contingency fees in personal injury litigation, wherein the lawyer must prevail for his client in order to receive remuneration.

4. I am attaching a copy of my time sheets for the instant case to this Affidavit of mine below, and incorporating it in this Affidavit as though fully set forth herein. These time sheets are taken from my time records which were kept by me contemporaneously with the work performed in this case and maintained in my office's billing records.

5. I have already deleted those hours spent on the case which related to nonproductive matters. I have not requested any fees in regard to non-charged work and have removed most of what I did not charge for entirely from the time records, without even giving it an entry. Further, I have requested $250.00 an hour for my work in the instant case. I have been licensed for over 9 years, in January 2022 I was awarded $200 an hour in a Free Speech and Fourth Amendment case in the Eastern District of Arkansas Federal Court, however in October of 2019 I was awarded $250 an hour for a 4th amendment arrest case and First Amendment freedom of speech case in the Federal District Court in Fort Smith, in June of 2019 I was awarded $200 an hour by the 8th Circuit, in 2016 I was awarded an hourly rate of $190.00 by the Eastern Federal District Court of Arkansas for an election law civil rights case. It is well known that attorneys in the Fort Smith metropolitan area earn considerably less than the average attorney in the Little Rock Metropolitan area.

6. I have been involved in a number of appeals as Counsel for both appellants and appellees in Arkansas state courts. I have tried cases as class counsel resulting in damage awards of $745,000 in July where the City of Fort Smith was pretending to recycle for almost three years, See <u>City of Fort Smith,</u>

Arkansas v. Jennifer Merriott, (this case has not been assigned an appellate court case number), a trial over deleted Facebook comments and blocking on the Arkansas State Police Facebook page (Tanner v. Ziegenhorn, 4:17-cv-780-DPM) (and earlier appeals Graham v. State, 572 S.W.3d 29 (Ark. App. 2019), reh'g denied (Mar. 27, 2019), McCauley v. Cornejo, 2019 Ark. App. 28 (Ark. App. 2019), reh'g denied (Mar. 6, 2019), W Hyman v. Sadler for Arkansas State Police, 539 S.W.3d 642 (Ark. App. 2018), reh'g denied (Feb. 28, 2018), McElroy v. State, 553 S.W.3d 182, 184 (Ark. App. 2018), W Hyman v. Sadler, 521 S.W.3d 167 (Ark. App. 2017).

7. I have twice attended the University of Chicago-Kent's Section 1983 Civil Rights Litigation Conference in order to fulfill my CLE requirements and attempt to eventually specialize in 1983 litigation.

8. I have been counsel in the following civil rights cases: *Vargas v. Hollenbeck*, 2:16CV02120, a habeas petition for a detainee being unlawfully held in the local jail which was dismissed because ICE picked up the client, Libertarian Party of Arkansas v. Martin, 4:15CV00635 JM, 2016 WL 10893745 (E.D. Ark. July 15, 2016), vacated and remanded, 876 F.3d 948 (8th Cir. 2017), an election law civil rights case where I was co-counsel and was awarded $190 per hour in July of 2016 which ended favorably, Flores v.

County of Benton, Arkansas et al, 5:17CV05063, a 4th Amendment unlawful arrest case which ended in our favor, McKinney v. Huntsville School District, et al., 5:18CV05067, a 1st Amendment retaliation case where I was co-counsel which ended favorably,Edward Monk v. Alvernon Rogers et al, 60CV-18-1027, a Pulaski County Arkansas Circuit Court first amendment retaliation case that ended unfavorably, and others.

9. My time sheets for the instant case reflect a total of 20.1 hours worked by myself (minus many hours for which I am not charging nor requesting compensation herein). In addition there were many minor tasks and phone conversations with my client that I did not feel the need to notate in my time sheet because I did not want to increase the amount of time charged. I did this to keep my time lean and decrease the amount of time spent on the case. Therefore, I am requesting 20.1 hours in compensable time for my work on this case. The rate of compensation I am requesting is as follows: 20.1 hours at $250.00 per hour to work done from February of 2019 to October of 2022 for total attorney fee of $5,025 and a $74.75 reimbursement in costs for hotel stay.

10. Below, I already have removed all duplicative entries and no charge entries that I thought were appropriate when comparing it with Mr. Linger's time sheet.

11. At the contested hearing I questioned witnesses and helped Mr. Linger with evidence and client control. The Defendant had six attorneys present, a couple of paralegals, the Attorney for the Republican Party of Arkansas was in the galley, and several more government attorneys were present in the galley as well.

12. My normal hourly rate for office work performed by myself has been $250.00 per hour, and is regularly billed and paid by my clients. I sometimes charge a higher hourly rate when I am required to set aside other work and do an expedited case.

13. In regard to my time sheets as reflected herein, I feel that they are self-explanatory and are understandable when compared with my Affidavit. The entries I have removed from my time sheet are reasonable and justified based on the ultimate result.

14. It is my belief that the hours reflected on my time sheets were reasonably expended on behalf of my client for this case.

15. This affidavit is the last item I am completing in my timesheet.

Further Affiant sayeth not.

10/10/2022
Date

_____
W. Whitfield Hyman

Signed before me, a notary public:

_____
Natalie King Hyman

10/10/2022
Date

NATALIE S. KING
SEBASTIAN COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires Feb. 10 2025
Commission No. 12403334

## W. Whitfield Hyman Timesheet
## LPAR V. ARKANSAS

| Date | Description | Time |
|---|---|---|
| 02/21/2019 | Email to Linger re local counsel | .1 |
| 02/22/2019 | Email from Linger re local counsel | .1 |
| 02/22/2019 | Email to Linger re contact information | .3 |
| 03/29/2019 | Email from Linger | .1 |
| 05/08/2019 | Email to Linger re contributions | .1 |
| 05/28/2019 | Email to Linger re filing of briefs, brief length, local rules, electronic signature, and filings | .3 |

| | | |
|---|---|---|
| 6/3/2019 | Travel to Little Rock Arkansas from Fort Smith, Arkansas | 2.5 |
| | Read and reviewed filings in anticipation of hearing | 2 |
| 6/4/2019 | Pre-hearing meeting with Dr. Pakko and Jim Linger | .5 |
| | Hearing before Judge Baker re preliminary injunction | 6.6 |
| | Conference with clients and lunch | 1.2 |
| | Post hearing conference with clients | .3 |
| | Drive from Little Rock to Fort Smith | 2.5 |
| 1/27/2021 | Phone conference with Judge Baker | .5 |
| 10/01/2022 | Read and reviewed opinion and judgment, sent the same to plaintiffs and discussed it Ricky Harrington | 1 |
| 10/9/2022 | Preparation of timesheet and affidavit, deletion of duplicative work | 2 |

| Total hours requested | | 20.1 |
|---|---|---|
| Hourly Rate requested | | $250 |
| Total attorney fee requested | | $5,025 |
| Reimbursement for hotel requested: | La Quinta | $74.75 |