IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LIBERTARIAN PARTY OF ARKANSAS,
SANDRA CHANEY RICHTER,
MICHAEL PAKKO,
RICKY HARRINGTON, JR.,
CHRISTOPHER OLSON, and
MICHAEL KALAGIAS,                                                   PLAINTIFFS

   v.                                       Case No. 4:19-cv-00214-KGB

JOHN THURSTON, in his official
capacity as Secretary of State for
the State of Arkansas,                                              DEFENDANT

PLAINTIFFS' MEMORANDUM REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO SET AMOUNT
OF REASONABLE ATTORNEY'S FEES

Plaintiffs received an opinion and order and a judgment against Defendant entered by the District Court in the instant case on September 30, 2022 (Dkt. Nos. 82 and 83). On October 5, 2022, Plaintiffs filed a Motion for Costs with attached Plaintiffs' Exhibit "1" and "2" (Dkt. No. 84) and a Brief in Support (Dkt. No. 85). On October 12, 2022, Plaintiffs filed a Motion to Set Amount of Reasonable Attorney's Fees (Dkt. No. 86) and a Memorandum Brief in Support of their Motion to Set Amount of Reasonable Attorney's Fees with Affidavits and Exhibits in support thereof (Dkt. No. 87). After Defendant filed on October 18, 2022, an Unopposed Motion for Extension of Time to File a Response/Reply to Plaintiffs' Motion for Costs with attached Plaintiffs' Exhibits "1" and "2" and Motion for Attorney Fees (Dkt. No. 88), the Court entered an Order on October 20, 2022, granting the Motion for Extension of Time to Respond to Plaintiffs' Motions for Costs and Attorney Fees and set a deadline to respond by November 18,

2022 (Dkt. No. 89). On November 18, 2022, Defendant filed a Response in Opposition to Plaintiffs' Motions for Costs and Attorney Fees with attached Exhibits (Dkt. No. 91). Defendant's aforesaid response raises certain points that deserve a reply so that these matters can be properly addressed by the District Court.

> I. TO THE EXTENT THAT ATTORNEY WORK RELATING TO THE PRELIMINARY INJUNCTION HEARING RESULTED IN THE TESTIMONY AND EXHIBITS FROM THE PRELIMINARY INJUNCTION HEARING TRANSCRIPT BEING PART OF THE DISTRICT COURT'S CONSIDERATION IN ITS DECISION OF SEPTEMBER 30, 2022, PURSUANT TO AN AGREED STIPULATION BY THE PLAINTIFFS AND DEFENDANT AS APPROVED BY THE DISTRICT COURT, THE AFORESAID ATTORNEY WORK SHOULD BE COMPENSATABLE.

Defendant fails to take into consideration the joint stipulation as to the continuing effect of the District Court's preliminary injunction order of July 3, 2019, and Joint Stipulations of Fact filed in the instant case on February 4, 2021 (Dkt. No. 60), particularly as set forth in Paragraph No. 29 of the Joint Stipulations of Fact set forth in the aforesaid document for the District Court to consider in deciding motions for summary judgment by the Plaintiffs and Defendant (Dkt. No. 60, p. 6, para. 29) which reads as follows:

> The transcript of the preliminary injunction hearing held on June 4, 2019, and all exhibits and affidavits received therein may be considered by the District Court in deciding and reaching a final decision of any motions for summary judgment filed by the Plaintiffs or Defendants.

Thereafter, the Plaintiffs specifically stated on pages 1 and 2 of their Motion for Summary Judgment filed on May 27, 2021 (Dkt. No. 62) that the ". . . motion is based on the transcript of the hearing held on June 4, 2019, on Plaintiff's Motion for Preliminary Injunction (Dkt. No. 32) and all Exhibits admitted at said hearing on Plaintiff's Motion

for Preliminary Injunction . . . . and Joint Stipulations of Fact filed in the instant case on

February 4, 2021 (Dkt. No. 60) . . ..."  Obviously, the use of the work done relating to the

preliminary injunction--which was agreed by the District Court and the parties that it

could be used in deciding any motions for summary judgment--saved a great deal of time

and duplicative and additional work to be used by the District Court in reaching its

opinion and order and judgment of September 30, 2022 (Dkt. Nos. 82 and 82).

The District Court relied to a significant extent in reaching its decision of

September 30, 2022, in ruling on Plaintiffs' and Defendant's motions for summary

judgment on the preliminary injunction hearing transcript, exhibits, and affidavits which

were admitted by the agreement of the parties, as noted by the extended findings of fact

which were taken from the evidence created at the preliminary injunction hearing.  As

this Court stated on page 4, footnote 1 of its Opinion and Order of September 30, 2022

(Dkt. No. 82):

> The facts in paragraphs 93 through 185 of the Opinion and Order are
> taken from this Court's preliminary injunction Order.  The parties stipulated:
> "The transcript of the preliminary injunction hearing held on June 4, 2019,
> and all exhibits and affidavits received therein may be considered by the District
> Court in deciding and reaching a final decision on any motions for summary
> judgment filed by the Plaintiffs or Defendants." (Dkt. No. 60, at 6, ¶ 29).[1]

Therefore, because of the stipulations and agreements of the parties as approved by the

Court, the work directed at both obtaining a preliminary injunction and the subsequent

use and reliance by the parties and this Court on the work requested to be compensated

---

[1] Also see Dkt. No. 72, ¶ 59 of Defendant's Statement of Facts as referenced in this Court's Opinion and Order of September 30, 2022, on page 18, ¶ 59; as well as the parties' joint stipulations of fact, Dkt. No. 22, at page 1 which reads in pertinent part that the parties stipulate that these "facts are true and correct for the purpose of the Court's consideration of the Plaintiffs' Motion for Preliminary Injunction filed herein on May 3, 2019, or for any subsequent motions for summary judgment filed by either party . . .."

by Mr. Hyman and Mr. Linger (See Exhibit "A" of Defendant's Response, Dkt. No. 91-1) should be compensatable since it was so greatly relied on by this Court and the parties as to this Court's reaching its decision of September 30, 2022 [Dkt. Nos. 82 and 83]. Much time and work were saved by the aforesaid stipulations and agreements of the parties relating to the part involving the preliminary injunction work used by the parties and the Court—all of which the Defendant did not have to stipulate and agree to. Since this work was used in the summary judgment motions of the parties, as well as by the Court in reaching its decision of September 30, 2022, it logically follows that it should be compensatable work relating to the Court's final judgment.

The case cited on this issue by the Defendant in his Response in Opposition to Plaintiffs' Motions for Costs and Attorney Fees--i.e., *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021)--is not on point and is distinguishable because it did not concern work originally relating to a preliminary injunction order and its facts, exhibits, affidavits, and the transcript of the preliminary injunction hearing which were stipulated by the parties with the approval of the District Court to be used in deciding summary judgment motions filed by the parties. In fact, the *Spirit Lake Tribe* case involved a case decided in the district court by way of a consent decree after the district court had originally granted the plaintiffs' motion for a preliminary injunction, which the North Dakota Secretary of State did not appeal to the Eighth Circuit, followed by the North Dakota Legislature then repealing the disputed provisions and enacting a new voter identification law, with the district court then dissolving the aforesaid preliminary injunction as moot and then issuing a new preliminary injunction as to the newly enacted

4

voter identification law, with the Secretary of State then appealing the new preliminary injunction order, which was vacated by the Eighth Circuit on appeal. *Brakebill v. Jaeger*, 932 F.3d 671, 681 (8th Cir. 2019). However, on April 17, 2018, fourteen days after the district court had dissolved the first preliminary injunction, the plaintiffs had moved for attorney fees and costs relating to the dissolved preliminary injunction, which the district court reserved decision on. *Spirit Lake Tribe*, 5 F.4th at 852. After the aforesaid decision of the Eighth Circuit in the *Brakebill* case in 2019, the case was consolidated by the district court with another case involving similar claims and then resolved in the consolidated dispute by the parties by a consent decree which stated that "the plaintiffs waived any right to recover attorney's fees and costs from the Secretary except as to the plaintiffs' pending motion for fees related to the dissolved August 2016 injunction." *Spirit Lake Tribe*, 5 F.4th at 852.

The foregoing facts speak volumes about why *Spirit Lake Tribe* is not on point and is distinguishable from the case at bar. While the district court's award of attorney's fees was affirmed as timely by the Eighth Circuit for "excusable neglect" under the distinguishable facts therein, *Spirit Lake Tribe*, F.4th at 854-855, further guidance can be had in the Eighth Circuit's decision in *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 908-911 (8th Cir. 2012), wherein attorney fees were allowed by the district court as to a previously granted preliminary injunction which had been affirmed by the Eighth Circuit followed thereafter by the city ordinances in question being repealed. Despite no final ruling on the constitutionality of the ordinance in question—since it had been repealed—the plaintiff was found to be a prevailing party and the district court's order

granting attorney fees was affirmed.  *Rogers Grp., Inc*., 683 F.3d at 911.  In the instant

case, the complained of work set forth in Defendant's Exhibit A (Dkt. No. 91-1) directly

contributed to and was used by this Court in its decision of September 30, 2022.

II.  MANY OF THE ALLEGED CLERICAL EXPENSES COMPLAINED
OF BY THE DEFENDANT CANNOT PROPERLY BE CHARACTERIZED
AS CLERICAL EXPENSES AND SHOULD, THUS, BE COMPENSATED.

Many of Defendant's objections as to alleged clerical expenses are simply

conclusions--with some being foundationless speculation such as to what would take

counsel 30 seconds to do.[2]  Defendant's objections as to clerical expenses to the extent

that it is claimed that Plaintiffs are requesting fees for work done on clerical expenses--

see the Hawaii case cited by Defendant, *Robinson v. Plourde*, 717 F.Supp.2d, 1099 (D.

Haw. 2010) (compiling cases denoting clerical expenses that should not be a part of an

award for attorney fees, e.g.: reviewing Court-generated notices, notifying clients of court

hearings, filing documents with the Court, communications with court staff, scheduling,

and corresponding regarding deadlines), are as to time entries which are not clearly

clerical expenses, and in many instances not routine court filings.

However, Plaintiffs would address the following objections specifically as to

alleged clerical expenses, viz.:  All references to the receipt and review of the initial

scheduling order and proposed scheduling order from the Court on April 30, 2019; the

receipt and review of the designation of record by Appellant on July 26, 2019; the receipt

---

[2] At the top of page 3 of Defendant's Response (Dkt. No. 91), Defendant's Counsel states: "Mr. Linger's clerical padding raises other red flags. If he 'saw no problem billing six minutes for 30 seconds of work, did he also bill 12 minutes for six-and a half minutes of work'?" Such baseless speculation is simply made up. Since Counsel uses .1 hours as a minimum billing time, six-and a half minutes of work would be billed at .1 hours. No work requested by Counsel for compensation took 30 seconds to do and the aforesaid comment by Defendant's Counsel is baseless and totally without merit. Advocacy for a client should not be allowed to trump civility.

and review of the Statement of Issues filed by Appellant on July 26, 2019; the receipt and

review of the corrected Briefing Schedule of July 29, 2019; the preparation and filing of

the Corporate Disclosure Statement of August 5, 2019; the receipt and review of

Defendant's Notice regarding Defendant's Motion for Stay Pending Appeal of August 6,

2019; the receipt and review of Volumes 1 and 2 of the Joint Appendix on September 10,

2019; the copying of the Brief of Plaintiffs-Appellees along with a letter to the Eighth

Circuit and the mailing of the Brief to the AG's office of October 24, 2019; the

preparation of Joint Motion and email to attorneys re proposed Joint Motion to Reset all

Deadlines, a proposed trial date, and a status conference of October 2, 2020; the receipt

and review of the Joint Motion for Extension of Time of September 3, 2021; and all of

the emails and telephone calls between the attorneys, parties, and witnesses, set forth in

Exhibit "B" to Defendant's Response filed on November 18, 2022 (Dkt. No. 91-2).

Certainly, the aforesaid work cannot be said to be "routine court filings" or clerical work

to the extent that it involved communications by either telephone call or email between

the attorneys, the parties, or witnesses.

Further, it should be noted that Defendant did not mention in his Response that

Mr. Hyman had deleted those hours spent on the case which he thought were

nonproductive and were removed from his time records (Dkt. No. 90, Plaintiffs' Exhibit

"1", ¶¶ 5 and 9); while Mr. Linger deleted and did not charge for not only nonproductive

matters for a total of 13 no charge hours, but also did not request fees as to the "extensive

work assistance I received from my legal assistant." (Dkt. 87, Exhibit "2", ¶¶ 7, 9, and

12).  Finally, it is also important to note that the time billing records in question herein by

Plaintiffs' Counsel use the minimal time billing of .1 hours rather than a minimal billing time of .25 hours as criticized by the District Court in *Robinson v. Plourde*, 717 F.Supp.2d, at 1100.

### III.  THE ENTRIES COMPLAINED OF BY DEFENDANT AS EITHER BEING VAGUE OR BLOCK BILLING ARE NOT SUCH THAT THEY SHOULD BE CONSIDERED VAGUE AND/OR BLOCK BILLING UNDER THE USUAL DEFINITIONS OF THOSE TERMS FOR PURPOSES OF AN EVALUATION OF AN ATTORNEY'S TIMESHEET.

Defendant does not particularly seem to understand what block billing actually is. Block billing is defined in one of the cases cited by the Defendant as follows:  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n. 9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billing entries generally fail to specify a breakdown of the time spent on each task."  In his response, Exhibit "C" (Dkt. No. 91-3) Defendant lists a number of what are alleged to be vague or block entries. Plaintiffs would contend that none of the specific telephone calls or emails shown exchanged between the attorneys or witnesses can be considered to be vague and are not block billing because they itemize what they are for.  As the U.S. Supreme Court has said, the applicant for attorney fees should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Further, it is not vague or block billing on May 29, 2019, to reference .3 hours worked on the preparation and filing of joint stipulations of fact; or May 31, 2019, to

8

reference 1.2 hours worked on the preparing and filing of a response and concise

statement with supporting authorities in opposition to Defendant's Motion to Exclude

Witness, Affidavit of Richard Weaver; or on June 4, 2019, to reference .5 hours worked

at a pre-hearing meeting of Mr. Linger and Mr. Hyman with Dr. Pakko; or on July 15,

2019, to reference .3 hours worked on preparation and filing of Joint Report of Rule 26(f)

planning meeting; or on July 24, 2019, to reference 1.7 hours worked on preparing and

filing of Plaintiffs' Response and Concise Statement With Supporting Authorities in

Opposition to Defendant's Motion for Stay Appeal and to Shorten Plaintiffs' Time to

Respond; or on July 30, 2019, to reference 6.2 hours of legal research; or on August 13,

2019, to reference .7 hours preparing and filing of Appellee's Response in Eighth Circuit

to Appellant's 28(j) Letter; or on August 19, 2019, to reference 1.2 hours worked on

revisions and filing of Appellee's Response in Opposition to Motion to Stay Pending

Appeal and for Expedited Appeal; or September 10, 2019, to reference .7 hours working

on reviewing the Brief of the Secretary of State with emails to Richard Winger and Dr.

Pakko; or on September 29, 2019, to reference 3.6 hours of legal research and preparation

of Brief of Plaintiffs-Appellees; or on October 1, 2019, to reference 1.4 hours working on

preparation of Brief of Plaintiffs-Appellees; or on October 5, 2019, to reference 6.5 hours

working on legal research and preparation of Brief of Plaintiffs-Appellees; or on October

6, 2019, to reference 2.5 hours working on legal research and preparation of Brief of

Plaintiffs-Appellees; or on December 11, 2019, to reference .6 hours working on review

of notes and preparation for oral argument; or on September 15, 2021, to reference 2.5

hours working on legal research and preparation of Combined Reply and Response Brief;

or on September 21, 2021, to reference 2.5 hours working on legal research and preparation and revision of Combined Reply and Response Brief; or on September 22, 2021, to reference 1.4 hours working on legal research and preparation and revision of Combined Reply and Response Brief; or on September 23, 2021, to reference .5 hours working on preparation and filing of Concise Statement of the Material Facts as to Which the Plaintiffs Contend a Genuine Dispute Exists with Exhibit 9, Supplemental Affidavit of Michael Pakko attached and Combined Reply Brief in Support of Plaintiff's Motion for Summary Judgment and in Response to Defendant's Motion for Summary Judgment; and October 3, 2022, to reference .3 hours working on review of file and email to Whit Hyman.  None of the foregoing entries are vague or block billing so as not to be compensatable.

IV.  CONCLUSION

Plaintiffs' counsel are entitled to reasonable attorney fees and costs as requested as a result of their work in obtaining a judgment on September 30, 2022, which was significantly based on work done on creating the record in the transcript of the preliminary injunction hearing, and exhibits and affidavits thereto, along with the new evidence presented with the motions for summary judgment.  Further, Plaintiffs' Counsel did not seek any enhancement to their fees even considering the total nature of the judgment of the Court in declaring the laws in question unconstitutional and enjoining their enforcement.

Wherefore, premises considered, Plaintiffs request the Court grant their Motions for Costs and to Set Amount of Reasonable Attorney's Fees.

Respectfully submitted this 25th day of November, 2022.

                                    Libertarian Party of Arkansas, et al.,
                                    Plaintiffs

                                    /s/ James C. Linger
                                    James C. Linger, OBA No. 5441
                                    1710 South Boston Avenue
                                    Tulsa, OK 74119-4810
                                    (918) 585-2797 Telephone
                                    (918) 583-8283 Facsimile
                                    bostonbarristers@tulsacoxmail.com

                                    W. Whitfield Hyman, AB No. 2013-237
                                    King Law Group
                                    300 North 6th Street
                                    Fort Smith, Arkansas 72901
                                    Telephone (479) 782-1125
                                    Facsimile (479) 316-2252
                                    william.hyman@gmail.com

                                    *Counsel for Plaintiffs*