IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LIBERTARIAN PARTY**                                                               **PLAINTIFFS**
**OF ARKANSAS**, *et al.*

v.                            Case No. 4:19-cv-00214-KGB

**JOHN THURSTON**, in his official
capacity as Secretary of State for
the State of Arkansas                                          **DEFENDANT**

## ORDER

On September 30, 2022, this Court entered Judgment in favor of plaintiffs Libertarian Party of Arkansas, Sandra Chaney Richter, Michael Pakko, Ricky Harrington, Jr., Christopher Olson, and Michael Kalagias (collectively "plaintiffs"), after declaring unconstitutional Arkansas Code Annotated §§ 7–7–101, 7–7–203(c)(1), 7–7–205(a)(2), 7–7–205(a)(4)(B), 7–7–205(a)(6), and 7–7–205(c)(3) both facially and as applied to plaintiffs for the 2019–2020 and all subsequent Arkansas General Election cycles and enjoining defendant John Thurston, in his official capacity as Secretary of State for the State of Arkansas and all of his agents, servants, and employees from enforcing the statutes consistent with the terms of the Court's Order (Dkt. No. 83).

On October 5, 2022, plaintiffs filed an itemized bill of costs requesting $631.33 as the prevailing party (Dkt. No. 84). On October 12, 2022, plaintiffs also filed a motion to set amount of reasonable attorney's fees seeking $62,527.69 in fees, expenses, and costs for James C. Linger and $5,099.75 in fees, expenses, and costs for W. Whitfield Hyman (Dkt. No. 86, at 1). Secretary Thurston responds in opposition to plaintiffs' motion for costs and attorneys' fees (Dkt. No. 91). Secretary Thurston asks the Court to strike or reduce plaintiffs' request for expenses and fees related to litigation over the preliminary injunction as overdue and therefore time barred (*Id.*, at 1). Additionally, Secretary Thurston maintains that the Court should reduce plaintiffs' request for

fees because plaintiffs request compensation for clerical work (*Id.*, at 2). Finally, Secretary Thurston contends that Mr. Linger's motion contains some "block billing" and that his time entries are vague (*Id.*, at 3).

Plaintiffs' reply in support of their motion to set amount of reasonable attorney's fees asserting that the attorney work related to the preliminary injunction hearing resulted in the testimony and exhibits that were part of the Court's consideration on summary judgment pursuant to an agreed stipulation of the parties and are compensable work (Dkt. No. 92, at 2). Plaintiffs also argue, in their reply, that many of the expenses that Secretary Thurston complains are clerical are not clerical and should be compensated, and plaintiffs further argue that those entries complained of as vague or block billing are not and should be compensated (*Id.*, at 6-10).

For the following reasons, the Court grants plaintiffs' motion for bill of costs and grants, in part, and denies, in part, plaintiffs' motion to set amount of reasonable attorney's fees (Dkt. Nos. 84, 86). The Court awards costs in the amount of $631.33. For the following reasons, the Court will reduce the award of fees and costs to Mr. Linger to $59,397.69, and the Court will award fees and costs to Mr. Hyman in the amount of $5,099.75.

**I.     Background**

Plaintiffs filed a motion for preliminary injunction on May 3, 2019, which Secretary Thurston opposed (Dkt. Nos. 12, 13, 17). The Court conducted a hearing on the motion for preliminary injunction on June 4, 2019 (Dkt. No. 28). The Court entered an Order granting preliminary injunctive relief on July 3, 2019 (Dkt. No. 31). Defendant appealed this Court's Order (Dkt. No. 33). The Court denied defendant's request to stay the Order pending appeal (Dkt. No. 48). The Eighth Circuit Court of Appeals affirmed this Court's preliminary injunction Order on

June 18, 2020 (Dkt. Nos. 54, 55). *See Libertarian Party of Ark. v. Thurston*, 394 F. Supp. 3d 882, 922 (E.D. Ark. 2019), *aff'd*, 962 F.3d 390 (8th Cir. 2020).

The parties entered a joint stipulation as to the continuing effect of this Court's preliminary injunction Order of July 3, 2019, and joint stipulations of fact (Dkt. No. 60). The Court conducted a status conference with counsel and the parties in the case, recognized certain agreements reached by the parties in the case, and set a briefing schedule for summary judgment briefing (Dkt. No. 61).

The parties filed cross motions for summary judgment, and in an Opinion and Order dated September 30, 2022, the Court granted plaintiffs' motion for summary judgment, denied Secretary Thurston's motion for summary judgment, and declared unconstitutional Arkansas Code Annotated §§ 7–7–101, 7–7–203(c)(1), 7–7–205(a)(2), 7–7–205(a)(4)(B), 7–7–205(a)(6), and 7–7–205(c)(3) both facially and as applied to plaintiffs for the 2019–2020 and all subsequent Arkansas General Election cycles (Dkt. Nos. 82, 83). The Court further enjoined Secretary Thurston, in his official capacity as Arkansas Secretary of State, together with his agents, servants, and employees, and all persons in active concert or participation with him, from enforcing Arkansas Code Annotated §§ 7-7-101, 7-7-203(c)(1), 7-7-205(a)(2), 7-7-205(a)(4)(B), 7-7-205(a)(6), and 7-7-205(c)(3) consistent with the terms of the Court's Order (*Id.*).

**II.    Bill Of Costs**

Five days after the Court entered its Judgment, plaintiffs filed an itemized bill of costs totaling $631.33 (Dkt. No. 84). Recovery of costs in the district court is generally governed by 28 U.S.C. § 1920 and the Federal Rules of Civil Procedure. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than

3

attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (citations omitted). Secretary Thurston does not challenge that plaintiffs are prevailing parties or the specific itemized costs requested in plaintiffs' bill of costs (Dkt. No. 91). Accordingly, the Court awards plaintiffs $631.33 in costs (Dkt. No. 84).

### III.   Timeliness

Unless a statute or court order provides otherwise, a motion for attorney's fees must be filed no later than 14 days after the entry of a judgment. *See* Fed. R. Civ. P. 54(d)(2)(B). This Court entered its Judgment on September 30, 2022 (Dkt. No. 83). Plaintiffs filed their motion for attorney fees 12 days after Judgment was entered (Dkt. No. 86). Secretary Thurston asserts in his response that the plaintiffs' request for attorneys' fees and costs related to litigating the preliminary injunction is overdue and time-barred because it was filed more than 14 days after the Court entered its Order granting plaintiffs' a preliminary injunction (Dkt. No. 91, at 1-2 (citing *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021)). According to Secretary Thurston, plaintiffs' deadline to seek fees related to the preliminary injunction motion ran in July 2019 because the Court granted plaintiffs' motion for preliminary injunction on July 3, 2019 (*Id.*, at 1). Secretary Thurston maintains that, as a result, the Court should deduct from Mr. Linger's attorney's fee request 130.8 hours of work totaling $38,275.00 and, from his request for costs, hotel reimbursement expenses of $71.01. Additionally, Secretary Thurston contends that the Court should deduct from Mr. Hyman's attorney's fee request 15.6 hours of work totaling $3,900.00 and, from his request for costs, hotel reimbursement expenses of $74.75.

In their reply, plaintiffs argue that the attorney work relating to the preliminary injunction hearing resulted in testimony and exhibits from the preliminary injunction hearing transcript being part of the Court's consideration in its summary judgment decision because the parties agreed to stipulate, and the stipulation was approved by the Court, that the preliminary injunction hearing transcript and all exhibits and affidavits received at the hearing could be considered by the Court in reaching a decision at the summary judgment stage (Dkt. No. 92, at 2-3). Accordingly, plaintiffs argue that the work of their attorneys, related to the preliminary injunction hearing, should be compensable because the hearing transcript and exhibits from the preliminary injunction hearing led the to the Court's September 30, 2022, decision granting summary judgment in the case (*Id.*, at 3-6).

Plaintiffs also argue that *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849 (8th Cir. 2021), is distinguishable on its facts because *Spirit Lake Tribe* did not concern attorney work originally relating to a preliminary injunction order, including exhibits, affidavits, and transcripts of a preliminary injunction hearing, that were stipulated to by the parties, with approval of the Court, being used to decide summary judgment motions filed by the parties (*Id.*, at 4). Plaintiffs point out that *Spirit Lake Tribe* was decided in the district court by a consent decree after the district court had originally granted the plaintiffs' motion for a preliminary injunction, which the North Dakota Secretary of State did not appeal (*Id.*). The North Dakota legislature repealed the disputed provision and enacted a new voter identification law, and the district court dissolved as moot the preliminary injunction and later issued a new preliminary injunction with respect to the newly enacted voter identification law (*Id.*, at 4-5). On April 17, 2018, 14 days after the district court dissolved the first preliminary injunction, the plaintiffs moved for attorney's fees and costs relating to the first dissolved, preliminary injunction. *Spirit Lake Tribe*, 5 F.4th at 852. The court reserved

decision on the motion. *Id*. The court later consolidated the case with another one having similar claims, and the parties resolved the consolidated dispute with a consent decree in which the plaintiffs waived any right to recover attorney's fees and costs except as to plaintiffs' pending motion for fees related to the dissolved injunction. *Id*. The North Dakota Secretary of State opposed the motion for fees as untimely arguing that the 14-day time period began to run when the court entered the preliminary injunction, not when the court dissolved it. *Id*. The district court concluded that Federal Rule of Civil Procedure 54 requires litigants to file motions for attorney's fees within 14 days of the entry of a final judgment at the conclusion of a case, and that the motion was timely. *Id*. Alternatively, the court determined that public policy and "excusable neglect" provided a basis for reaching the same result. *Id*.

The United States Court of Appeals for the Eighth Circuit disagreed and concluded that, under Federal Rule of Civil Procedure 54, a preliminary injunction is a judgment that triggers the 14-day deadline to move for attorney's fees. *Id*. at 853. Accordingly, the Eighth Circuit concluded that the plaintiffs' motion was untimely under Rule 54. *Id*. at 854. However, the Eighth Circuit went on to affirm the district court's conclusion that the plaintiffs' untimely action was the result of excusable neglect. *Id*. at 855. The Eighth Circuit found that any prejudice to the Secretary of State was outweighed by other considerations. *Id*. The Eighth Circuit noted that the United States Supreme Court had explained "that the 'tentative character' of a preliminary injunction–'in view of the continuation of the litigation to definitively resolve the controversy'–sometimes renders a fee request at that initial stage premature." *Id*. (quoting *Sole v. Wyner*, 551 U.S. 74, 84 (2007)). The Eighth Circuit also acknowledged an advisory committee note to Rule 54 that described the relevant triggering event as the entry of "final judgment" despite the rule's use of the term "judgment" as having "muddied the waters." *Id*. The Eighth Circuit concluded that, under all of

6

the circumstances, the district court did not abuse its discretion in ruling that plaintiffs' failure to comply with Rule 54's filing deadline was the result of excusable neglect.  *Id.*

Here plaintiffs did not have the benefit of the *Spirit Lake Tribe* decision when the Court entered its preliminary injunction order.  The Eighth Circuit Court of Appeals decided *Spirit Lake Tribe* more than two years after this Court granted plaintiffs a preliminary injunction in this case (Dkt. No. 31).  Like the court in *Spirit Lake Tribe*, this Court concludes that, under all the circumstances, plaintiffs' failure to comply with Rule 54's filing deadline is the result of excusable neglect.  Defendants have not asserted prejudice because of plaintiffs' delay until a final judgment to move for attorneys' fees and costs related to the preliminary injunction motion.  As plaintiffs point out, it is difficult to see how defendants could assert prejudice given the facts of this case because, by the time the Eighth Circuit decided *Spirt Lake Tribe*, the parties in this case had entered into a joint stipulation as to the continuing effect of the Court's preliminary injunction Order and joint stipulations of fact filed in the case on February 4, 2021, in which the parties agreed that the transcript of the preliminary injunction hearing and all exhibits and affidavits received at the hearing could be considered by the Court in deciding and reaching its final decision on any motions for summary judgment filed by the parties (Dkt. No. 60, at 6).  Further, like in *Spirit Lake Tribe*, any prejudice to Secretary Thurston is outweighed by other considerations, including but not limited to that plaintiffs sought fees in their complaint (Dkt. No. 1, ¶ 5), there is no evidence of bad faith, and there are defensible reasons for plaintiffs' delay.  As the United States Supreme Court explained in *Sole v. Wyner*, the "tentative character" of a preliminary injunction sometimes renders a fee request at that initial stage premature.  *Sole*, 551 U.S. at 84.

Considering all the circumstances, the Court concludes that plaintiffs' failure to comply with Rule 54's filing deadline was the result of excusable neglect.  *Spirit Lake Tribe*, 5 F.4th at

7

855. Accordingly, the Court will not reduce the attorneys' fees and costs requested by Mr. Linger and Mr. Hyman for litigating the preliminary injunction.

### IV.     Attorneys' Fees As Clerical Expenses

As a prevailing party in a 42 U.S.C. § 1983 action, plaintiffs are entitled to attorney's fees unless "special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Secretary Thurston does not dispute that plaintiffs were the prevailing parties in this case brought pursuant to § 1983 and does not argue that there are "special circumstances" that render any award to the plaintiffs unjust. Accordingly, this Court is required to award a reasonable fee pursuant to 42 U.S.C. § 1988(b). *Hensley*, 461 U.S. at 429.

Section 1988 does not define what constitutes a reasonable fee, but courts have found that "[t]he 'most useful starting point' for determining a reasonable attorney's fee is the lodestar, which is the product of a reasonable hourly rate and the number of hours reasonably expended on the matter." *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014). Secretary Thurston contends that several of Mr. Linger's billing entries request compensation for "clerical" work including reviewing Court-generated notices, notifying clients of Court hearings, filing documents with the Court, communicating with Court staff, scheduling, and corresponding regarding deadlines (Dkt. No. 91, at 2). Secretary Thurston contends that clerical tasks are not compensable (*Id.*). Secretary Thurston argues that the tasks are things that likely took counsel approximately 30 seconds and are not the type of things for which "an attorney would charge a fee-paying client." (*Id.* (quoting *A.W. by & through Wood v. Sec'y of Health & Hum. Serv.*, Case No. 15-1568V, 2019 WL 518521, at *3 (Ct. Fed. Cl. Jan. 11, 2019)). Secretary Thurston seeks a reduction of Mr. Linger's fee request by 12.4 hours totaling $3,720.00 (*Id.*).

8

The Court has reviewed the entries challenged by Secretary Thurston as "clerical." (Dkt. No. 91-2). The Court concludes that some of the challenged time was time spent reviewing pleadings filed by opposing parties and Orders of the Court as well as corresponding with opposing counsel, clients, and witnesses, which the Court does not find to be clerical work. The Court agrees, however, that other time entries identified by Secretary Thurston were for clerical-type activities or were duplicative entries. Accordingly, the Court reduces Mr. Linger's fee request hours as set forth below.

V.     **Block Or Vague Entries**

Secretary Thurston also challenges several of Mr. Linger's entries as "block billing" or "vague entries" (Dkt. No. 91, at 3). Secretary Thurston contends that Mr. Linger "lumps together compensable legal work, such as drafting, with clerical work, such as filing." (*Id*.). In their reply, plaintiffs argue that Secretary Thurston does not seem to understand what "block billing" actually is (Dkt. No. 92, at 8). Plaintiffs, referencing a case cited by Secretary Thurston, contend that "block billing" refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." (Dkt. No. 92, at 8 (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998))).

The importance of billing judgment is not limited to the private sector, and "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* If counsel fails to exclude such hours, the district

court has a responsibility to do it for them. *Id.*; *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000). The district court may also reduce an award if the documentation of hours is inadequate, meaning it prevents the court from being able to determine whether the hours are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 433; *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1189 (N.D. Iowa 2003), *aff'd*, 382 F.3d 816 (8th Cir. 2004) ("Reductions may be made, however, for such things as . . . poor record-keeping.").

After reviewing the fee requests and arguments from counsel, the Court agrees with Secretary Thurston that fee requests submitted by Mr. Linger should be reduced because some of Mr. Linger's entries were for clerical work combined with legal work, and some of Mr. Linger's entries were redundant, unnecessary, or otherwise not supported by sufficient proof submitted to the Court with the fee requests. For example, one recordkeeping entry for 6.2 hours is labeled as simply "Legal Research." Additionally, some recordkeeping entries are for "Prep. and filing," making it difficult for the Court to discern how much of the work was legal work presumably for preparation of a pleading and how much was clerical work for filing of the pleading (Dkt. No. 91-3). This type of record keeping justifies a reduction of hours in the lodestar calculation.

The Eighth Circuit does not require a district court to "expressly identify all of the hours that it deem[s] to be excessive" in its opinion. *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014). The Eighth Circuit simply requires district courts to perform the lodestar calculation, which this Court has performed. The Court finds that a reduction in hours for the purposes of calculating the lodestar amount for Mr. Linger is necessary to effect the purpose of § 1988 and to provide appropriate compensation for Mr. Linger's work. For these reasons, the Court reduces the number of hours claimed in Mr. Linger's motion by 5%. Courts have the discretion to reduce fees by a percentage, rather than by identifying the specific hours to be cut. The Court

chooses to reduce Mr. Linger's total number of hours by 5%, which the Court believes provides appropriate compensation for the work, while also eliminating excessive, vague, and redundant billing. The Court awards Mr. Linger $59,265.00 in attorney's fees.

In addition to his fee request, Mr. Linger claims $132.69 in costs (Dkt. No. 86, at 1). Secretary Thurston does not object specifically to Mr. Linger's request for costs other than his claim that the costs related to the preliminary injunction are untimely. Some "costs" that are not available under 28 U.S.C. § 1920 are recoverable as "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should [be] included as part of the reasonable attorney's fees awarded" under 42 U.S.C. § 1988. *Pinkham v. Camex, Inc.,* 84 F.3d 292, 294–95 (8th Cir. 1996) (per curiam) (citations omitted); *see also Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1203 (N.D. Iowa 2003), *aff'd*, 382 F.3d 816 (8th Cir. 2004). Having rejected Secretary Thurston's untimeliness argument and having determined that this request is appropriate under controlling law, the Court grants Mr. Linger's request for $132.69 in costs. The Court awards Mr. Linger a total of $59,397.69 in attorney's fees and costs.

Secretary Thurston's only objection to Mr. Hyman's request for attorney's fees and costs arises from his argument that the request for fees and costs related to the preliminary injunction is untimely. Because the Court has rejected Secretary Thurston's untimeliness argument and determined that this request is appropriate under controlling law, the Court awards Mr. Hyman attorney's fees in the amount of $5,025.00 and costs in the amount of $74.75 for a total of $5,099.75 in attorney's fees and costs.

### VI. Conclusion

The Court finds that plaintiffs are entitled to attorneys' fees and costs as the prevailing party in this case. The Court awards plaintiffs $631.33 in costs pursuant to plaintiffs' bill of costs

11

(Dkt. No. 84).  The Court grants, in part, and denies, in part, plaintiffs' motion to set amount of reasonable attorney's fees (Dkt. No. 86).  The Court has calculated and modified the lodestar amount for Mr. Linger.  The Court finds that Mr. Linger is entitled to a fee award of $59,397.69, which compensates Mr. Linger for 182.3 hours of work (95% of his requested 191.9 hours) at $300.00 an hour and 18.3 hours of work (95% of his requested 19.3 hours) at $250.00 an hour.  The Court grants Mr. Linger's request for costs and awards costs in the amount of $132.69 for a total of $59,397.69 in attorney's fees and costs.  The Court awards Mr. Hyman attorney's fees in the amount of $5,025.00 and costs in the amount of $74.75 for a total of $5,099.75 in attorney's fees and costs.

It is so ordered on this 29th day of September, 2023.

_____
Kristine G. Baker
United States District Judge